U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED   LAFAYETTE

JUL 1 5 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

Scanlon, et al                                    Civil Action No. 6:15-cv-00449

versus                                            Judge Richard T. Haik, Sr.

Neustrom, et al                                   Magistrate Judge C. Michael Hill

## ORDER

Before the Court is a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted [Rec. Doc. 19] filed on July 7, 2015 by the City of Carencro and Carlos Stout, Individually and in his Official Capacity as Chief of Police for the City of Carencro.  On June 24, 2015, Magistrate Judge Hill conducted a hearing on a similar motion filed by Co-Defendants Michael W. Neustrom, Individually and in his Official Capacity as Sheriff of Lafayette Parish, and Jill Birkenmier, Joey Graciana, Matthew Meginley and John Sullivan, and issued a Report and Recommendation recommending that the Court deny the motion to dismiss for insufficient facts as premature, pending discovery as to those factual issues and  grant the motion to dismiss the punitive damages claims against Sheriff Neustrom in his official capacity. *R. 18.*  The Court affirmed the Report and Recommendation on July 14, 2015. *R. 21.*

Here, Defendants move the Court to dismiss Plaintiff's claims against Chief Stout, individually, and against the City of Carencro and Chief Stout, in his official capacity, for Plaintiff's failure to allege facts sufficient to state a claim for which relief can be granted. Defendants further move the Court to dismiss Plaintiff's punitive damages claims against the City of Carencro and Chief Stout, in his official capacity.

While Defendants cite the pertinent jurisprudence which applies to Plaintiff's claims

under 28 U.S.C. § 1983, the Court agrees with Judge Hill's finding that such motions are premature at this stage of the litigation in that all defendants should be served and discovery should be commenced before a motion under Rule 12(b) is considered.  As to Defendants' motion to dismiss the punitive damages against the City and Chief Stout, it is well settled that municipalities are immune from awards of punitive damages and this immunity extends to officers when sued in their official capacities.  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); *Webster v. City of Houston,* 689 F.2d 1220, 1228-30 (5th Cir. 1997).   Under Louisiana law, "[p]unitive damages are not allowed under Louisiana law in absence of a specific statutory provision" and Plaintiff has identified no basis upon which she is entitled to recover punitive damages for her state law claims.  *Zaffuto v. City of Hammond*, 308 F.3d 485, 491 (5th Cir.2002).  Accordingly,

**IT IS ORDERED** that the  Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted [Rec. Doc. 19] filed by the City of Carencro and Carlos Stout is **DENIED** as premature, subject to defendants' right to reurge the motion following discovery as to the factual allegations at issue.

**IT IS FURTHER ORDERED** that the Plaintiff's claims for punitive damages against the Defendants are **DISMISSED**.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, this 14th day of July, 2015.

RICHARD T. HAIK, SR
UNITED STATES DISTRICT JUDGE